UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-CV-356

PAMELA ANN KEHR, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
MILLER REFRIGERATION, A/C & HTG. Co. )
a/k/a MILLER SERVICE EXPERTS )
)
    Defendant. )
)

**THIS MATTER** is before this Court upon Defendant's "Motion to Dismiss Plaintiff's Amended Complaint" (Document #9). Defendant contends that Plaintiff's claim exceeds the scope of her discrimination charge filed with the Equal Employment Opportunity.

## I. BACKGROUND

Plaintiff Pamela Kehr ("Kehr") filed this action alleging that she was terminated from her employment with the Defendant Miller Service Experts ("Miller") based on sex discrimination in violation of Title VII. She filed a charge with the EEOC that stated:

> I was employed by the above named Respondent on December 4, 2000 as a Service Technician. I had no problems on the job at all until Michael Atkinson became my manager. I was one of two females employed by Respondent and after Michael was hired I began to be treated differently than the male service technicians. I was given more hours to work, I was not able to ask Michael a question, when I did he informed me he did not have time but made time to talk to the males. I was warned about things that makes constantly had problems with but they were not treated in the same manner. On September 23, 2005, I was discharged. I was told that I was discharged due to unacceptable performance and behavior. Males with more severe problem and customer's

>           complaints were not treated in the similar manner.  After I was
>           fired the other female technician informed me that she was forced
>           to quit.  I believe that I was treated differently and discharged due
>           to my sex, female, in violation of Title VII of the Civil Rights Act
>           of 1964, as amended.

Kehr was issued a Right to Sue letter on April 27, 2006.

Miller contends that the EEOC charge contains "no allegations of harrassment or a hostile work environment," and therefore, Kehr's current suit is outside the scope of the charge. Defendant's Motion to Dismiss Plaintiff's Amended Complaint, page 2.

## II. DISCUSSION

It is well-settled that an EEOC charge does not strictly limit a Title VII suit which may follow.  See Chisholm v. United States Postal Service, 665 F.2d 482, 491 (4th Cir. 1981). Rather, "if factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247-48 (4th Cir. 2000)

In this case, the factual allegations of the EEOC charge–that Kehr was ostracized, mistreated, and ignored–lead to the claims of a hostile work environment in this litigation. Although Kehr does not use the exact term of "a hostile work environment" in her complaint, her allegations describe just such an environment.  Finally, since "lawyers do not typically complete the administrative charges . . . courts construe [those charges] liberally." Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll., 848 F.2d 457, 460 (4th Cir. 1988).  Accordingly, the defendant's Motion to Dismiss Plaintiff's Amended Complaint is hereby DENIED.

IT IS SO ORDERED.

Signed: October 23, 2006

Graham C. Mullen
United States District Judge